# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:00-599-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Lonnie Alonza Samuels, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On October 15, 1997, the defendant allegedly robbed and murdered Robert Griggs ("Griggs"). The state tried the defendant for the murder of Griggs but a jury acquitted him at trial. A federal grand jury subsequently returned a two count indictment against the defendant. Count 1 charged the defendant for being a felon in possession of a firearm. Count 2 charged the defendant for being a felon in possession of ammunition.[1]

On January 4, 2001, the defendant pled guilty to Count 2. In the plea agreement, the defendant agreed that if the government proved that he murdered Griggs using the firearm charged in Count 1, then the cross reference of U.S.S.G. § 2A1.1 would apply.[2] On May 14, 2002, during sentencing, the Court found that the defendant murdered Griggs and used a firearm to do so. Consequently, the Court applied the cross reference in section 2A1.1. The Court

---

[1] The indictment also charged the defendant under the Armed Career Criminal Act for having three convictions for violent felonies and serious drug offenses and knowingly possessing a firearm and ammunition. 18 U.S.C. § 924(e). However, it was determined that the defendant did not qualify as an armed career criminal.

[2] Section 2A1.1 increases the base offense level of a defendant who used or possessed a firearm or ammunition in connection with the commission of an offense analogous to first degree murder. U.S.S.G. § 2K2.1(c)(1).

sentenced the defendant to the statutory maximum of 120 months of imprisonment followed by 3 years of supervised release.  U.S.S.G. § 2A1.1.

The defendant appealed his sentence.  On December 4, 2002, the Fourth Circuit Court of Appeals affirmed.  On March 12, 2003, the defendant filed a petition pursuant to 28 U.S.C. § 2255 attacking his guilty plea and sentence.  The government filed a motion for summary judgment asking that the petition be dismissed.  On January 12, 2004, the Court granted the government's motion and dismissed the petition.  On April 27, 2004, the Fourth Circuit Court of Appeals denied the defendant's motion for a certificate of appealability.

On August 4, 2005, the defendant filed a motion, in his criminal action, to vacate his sentence, supervised release, and restitution.  The defendant raises the following claims: (1) the defendant's sentence violates the principles set forth by the Supreme Court in United States v. Booker, 543 U.S. 220 (2005); (2) the defendant's attorney induced the defendant's guilty plea to circumvent the Fifth Amendment's double jeopardy clause; and (3) no factual evidence supports the Court's finding that the defendant was responsible for the murder of Griggs.

The defendant's motion attacks his guilty plea and sentence.  Consequently, the Court must construe this motion as a successive collateral review application and apply the limitations barring such applications.  United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). Absent pre-filing authorization from the Fourth Circuit Court of Appeals, the Court has no jurisdiction to consider a successive collateral review application.  Id at 205.  To bring these claims, the defendant must obtain authorization from the Fourth Circuit Court of Appeals.  *See* Boyd v. United States, 304 F.3d 813, 814 (4th Cir. 2002) and 28 U.S.C. § 2244(b)(3).  The defendant may present these claims to the Fourth Circuit Court of Appeals for authorization by

appealing this order.  Boyd, 304 F.3d at 814.

      Accordingly, the Court dismisses the motion for the lack of subject matter jurisdiction

**AND IT IS SO ORDERED**.

                                                                        */s/ C. Weston Houck*

                                                                       _____

November 6, 2006                        **C. WESTON HOUCK**
Charleston, South Carolina            **UNITED STATES DISTRICT JUDGE**